The next case on this morning's calendar is submitted on the briefs. That's Bowen v. Kijakazi. So the next case for argument is Perkins v. Kijakazi. Good morning, your honors, opposing counsel. May it please the court, this, like the previous case, is a disability case. And once we reach the fifth step in the Social Security case, the claimant has made his prima facie case for disability, and the burden shifts to the commissioner to show that jobs exist in significant numbers in the national economy. This finding, like all findings, must be based on substantial evidence in the record, and therein lies the problem here. The ALJ in this case relied on vocational expert testimony at Step 5, but that testimony is not part of the record. The ALJ did not take that testimony at hearing. He did not take it via interrogatories. He relied on prior findings by an ALJ that took the, had a hearing eight years previously. Of course, we have non-executive authority saying that's okay. Well, yes, but I think that statutory authority should not apply here for a number of reasons. First of all, most importantly, that ALJ in 2011 was not properly appointed. We know that because of Lucia v. SEC and then later Carvey-Saw. I didn't think you were still arguing that point. We are still arguing that point, your honor. We're not asking that the 2011 decision be appealed. The 2011 decision was not appealed. We're not asking that it be overturned or even set aside. We're only arguing that it not be afforded the same kind of weight as a hearing before a constitutionally appointed ALJ. I would also note that Mr. Perkins has now said that you've got to show your prejudice because of the appointment process, and there's no evidence in the record of any prejudice because of the appointment process. But there's no evidence that he was prejudiced in the 2011 hearing. All right. But eight years have passed, and Mr. Perkins was not represented in the 2011 hearing. And because of that, we think that at a minimum the judge should have proffered that vocational testimony into the record and examined it de novo rather than simply taking the prior judge's word for it. And that goes to the central problem here. The only vocational evidence in the record is what we submitted. Well, defining the record as you want to define it, we do have knowledge of what had happened previously. Yes. You can argue as to whether that should be taken into account, but we know that it was there. And so I think the real challenge posed is what to do with the additional evidence, which appears to have was made a part of the record, when appeals counsel took it in and nobody ever commented on it substantively. Right. And I'm happy to turn to that part of the evidence. Last week, opposing counsel submitted a supplemental authorities about this very recent case of Kilpatrick, in which in that case the attorney's lay estimates of job numbers were deemed not to meet the threshold of probative evidence for a number of reasons. In that case, vocational expert testimony was taken, and that vocational expert was not objected to. In that case, the attorney used a disfavored methodology, the equal distribution method, and was relying on data that was seven years old. Here, the situation couldn't be more different. The commissioner's evidence is the evidence that's eight years old at the time of the hearing. Our contrary estimates are taken from a program called Job Browser Pro, which is in pretty common use among vocational experts at these hearings. We didn't use this equal distribution method. We used the same evidence that many vocational experts rely on, and our evidence was contemporaneous with the adjudicated period. So what should the appeals counsel have done, if anything, in response to that evidence that's submitted to the appeals counsel that had not previously been submitted? Well, the appeals counsel could have done many things with that evidence. Number one, they could have remanded it for further proceedings. They could have sought vocational expert evidence, or they could have simply reversed and concluded that they could not meet the burden of substantial numbers of jobs. They could have credited the evidence. They could have sent it back to a judge. They could have made some finding about it, but they didn't do anything. Well, what it did is it just said we find this evidence does not show a reasonable probability. Do they need to give some further explanation as to why it does not show a reasonable probability? I think in this circumstance they do. If there's no other actual evidence in the record from the contemporaneous period, then how can they just wave their hands at it and say that it's nothing at all? Go ahead. Go ahead, please. No, no, you go ahead. So is it your position that if the numbers submitted to the appeals counsel are the real numbers, that those are simply not enough jobs in the national economy to count for purposes of disability determination? That is our position, is that if that evidence is credited then the commissioner is unable to meet their burden based on these jobs and there would need to be more vocational testimony to determine whether there are more jobs or whether those numbers are inaccurate now. Okay. So my question is the evidence came in. You can't fault the appeals counsel for not admitting the evidence, so the only claim you might have is that they didn't adequately discuss that evidence in rejecting it. Right. And so my question is they said it's not sufficient. Do they have to say more and how much more do they have to say after they have admitted the evidence and specifically addressed it? Well, I do think they have to say more. It's generally not sufficient for the judge to make, the ALJ at these hearings, to just make findings. They have to articulate the reasons behind their findings in such a manner that a reviewing court can understand the reasons for their decision. So if that is an error, then we would remand for reasons to be stated if that is still the view of the ALJ? Is that the relief you're seeking? Well, we're seeking a remand for either immediate payment because the commissioner has failed to meet their burden or for further proceedings to determine whether the commissioner can meet their burden. Well, I mean, would a remand for the ALJ on the record that currently exists to say that was your conclusion, that it was not persuasive, either provide more reasoning for your conclusion or do whatever else you want, I guess? Well, I would say either provide, either articulate reasons why this evidence is not probative or simply take new vocational expert testimony. But so one of the alternatives is that you don't need to take more evidence. You don't need to open it up. But I'm trying to determine if we say it's not enough to say I'm addressing it, I've admitted the evidence, I'm focusing on it, I'm proving I didn't ignore it, and I don't find it persuasive. If we say that's not enough, that's not an uncommon response that is given by the Appeals Council. And I just am trying to decide what more we need to say. I know that. I know that Ninth Circuit law says you have to address and explain. So what more needs to be done besides saying it's not sufficient? Well, for example, there should be some explanation of why estimates from eight years ago are more reliable than estimates from today. Well, maybe, maybe not. Maybe the court might say, I agree, it's more reliable evidence today. But it is still not the problem I've got is that we're not reweighing the evidence. We're only trying to decide if there is enough evidence. But we do have an additional requirement that if you reject it, if the ALJ's evidence is rejected, you've got to come up with a reason for it. And I'm just trying to decide how much reasoning is needed, if there's any kind of litmus test for that. I'm not sure what that litmus test would be. I respectfully disagree that the boilerplate statement from the Appeals Council constitutes any discussion at all. That statement that, you know, we considered the evidence you submitted and we did not find that it was sufficient, that's said in literally every affirmance by the Appeals Council. That's just what the form says. And that is a bit of my concern. That is said a lot. And if we say that's not enough, how much topsy-turvy problems are we going to create? I don't know. I don't know how much problem it will create. I don't know how much of an administrative burden it would be. But I think in this case, imposing at least some burden on the Commissioner to address the only vocational evidence that's actually in the file is not unreasonable. If we were to remand, would it be a remand on an open record so that the government would have a chance not only to get an explanation or a further explanation from the agency, but also to introduce its own evidence as to jobs available in the economy? Unless the Court feels differently, I would think that the Commissioner would certainly have the ability to introduce new vocational evidence, yes. So it would be an open record so that additional evidence could be introduced on that point. Okay. Sir? Yes. And it would be great as a hearing attorney to have the opportunity to actually cross-examine the vocational expert whose testimony is being relied upon, as opposed to here, where the evidence was taken eight years previously without a representative. Okay. Thank you. We managed to help you use up your time, but we'll give you a chance at rebuttal. We will now hear from the Commissioner. Who asked that you affirm the District Court's judgment? Because Perkins' challenges to ALJ Shumway's decision are too little and too late. So I think what I'd like to do is start out with, I think that my friend on the other side kind of got off on the wrong foot with, what is the burden at Step 5? Where does that lie? Ordinarily, the burden shifts to the Commissioner to produce evidence showing that a claimant like Perkins can perform other work existing in significant numbers in the national economy. This is not the normal case. This is a case in which, in 2011, another ALJ decided that Perkins was not disabled, and Perkins did not appeal that decision. So when Perkins came back in 2017, the burden was on Perkins at all times to show new and material evidence to rebut ALJ Mergo's 2011 findings. She did not do that. She says that it was tendered and evidence was received, that the evidence was that these jobs did not exist in a substantial number in the national economy. That's right, Your Honor. I mean, that particular evidence didn't even require an evaluation at all of the claimant. That's simply kind of a test of the national economy. I mean, that's not a complicated psychological or physiological exam. Your Honor, and because that evidence is so readily available, it doesn't require sending the claimant out for anything, there's really no reason that that evidence couldn't have been given to ALJ Shumway at the 2019 hearing. Are you saying then that the Appeals Council saying we will receive additional evidence can disregard it on the ground that it should have been introduced earlier? That seems to be what you're saying, but that's wrong. I mean, they're inviting the evidence. They can't invite the evidence and then say, oh, you know, too bad, we're not going to look at it because you could have submitted it earlier. You're not really making that argument, are you? Two things, Your Honor. The Appeals Council did not do that here. They didn't say you should have just submitted this earlier. They said this does not create a reasonable probability of changing ALJ's decision. No, it was you who said they should have submitted it earlier. Yes, and I get that from this court's decision in Scheibe. So the claimant is ordinarily required to, and Scheibe makes this very clear, they have to bring it up at least in a general sense, especially in a case. So you're going to be more stringent on this question than the Appeals Council because the Appeals Council said you may submit additional evidence. Additional evidence was submitted, and you're saying they should not have considered it. I don't get that. Your Honor, I'm not saying the Appeals Council shouldn't have considered it, which they did. They considered it, and they found it didn't create a reasonable probability of changing the ALJ's mind. And, you know, under this court's other precedent in Taylor and Brews, we don't reevaluate, we don't, you know, inquire into the bases. Let me stop you there. It could have been argued, and the Appeals Council could have said too late. But the Appeals Council didn't say too late. It didn't say this should have been submitted to the ALJ. To the contrary, as you have acknowledged here and in your brief, this was received into the record. Now, I'll digress to say we get lots of appeals from lots of agencies, and this is a little odd system which the Appeals Council uses, where they add material to the record, which the ALJ's never seen, and we're supposed to evaluate the ALJ's decision based on the complete record, including this part that the ALJ's never seen and never had a chance to comment on. And in this instance, the Appeals Council accepts it into the record and says it's not persuasive, but never says anything as to why. Indeed, it goes on and says something like it elected not to exhibit. We find this evidence does not show a reasonable probability that it would change the outcome of the decision, a conclusion, but no explanation as to why it wouldn't. We did not exhibit this evidence. And let me digress to say what does that mean, that it did not exhibit the evidence? It means that they didn't put it in one of the lettered exhibits, you know, 1F, 2F, in the A exhibits, B exhibits, that just means it's, you know, right after those unlettered exhibits at the beginning of a certified administrative record. So it's still in the record, it doesn't bear its own identifier, exhibit X or whatever, but it's in the record, and we're supposed to evaluate, and the law is pretty clear on this, we evaluate the ALJ's decision considering before us the whole record, including this piece the ALJ never seen and never commented on. Well, sometimes, and we see this in other contexts too, in immigration all the time, the Board of Immigration Appeals may say this isn't a prima facie case, it can't possibly change anything. But here I can't, I don't know how to answer the question. Why is it that this more contemporary evidence couldn't have had an impact on the ALJ's decision? We know that the Appeals Council said they weren't persuaded, but we don't know why, and so all I can do is ask you as to why couldn't it have made a difference? A couple of reasons, Your Honor. The first one is that Perkins bore the burden of showing the ALJ producing new and material evidence that ALJ murder... Well, we get that all the time, and in particular I refer to the immigration context, and some things when the Board of Immigration Appeals can deny an opportunity or deny a motion to reopen, they say you have to make a prima facie showing that it could make a difference and this doesn't, and sometimes we have to evaluate that. But I can't, I don't know how to answer that question here. I don't know why the more contemporary evidence, apparently from a program that the lawyer knows how to use, and a program I've seen cited by ALJs before as a source of information from them. So from what little I know, you've got a source of information that sometimes, not ALJs, VEs sometimes rely upon, and the Appeals Council says it's not persuasive, but it doesn't tell me why, and the ALJs never had an opportunity to comment on it because the ALJ never saw it, and so I'm stuck with trying to answer a question I don't know how to answer. Help me. What did the Appeals Council mean? Yeah, why wasn't it persuasive? What can I glean from this? I mean, I got their conclusion, but with the pieces that this evidence is more contemporary and is from a source that I've seen vocational experts cite, why is it not going again to the immigration context? Why isn't that a prima facie showing that at least requires the opportunity to consider it A couple of points, Your Honor. First of all, I think the idea that the Appeals Council should have said more is not required under this court's precedent. It's not required, but our problem is that we have to evaluate the ALJ's decision. That's the one that's teed up in front of us. Considering the entire record, including this evidence, the ALJ never saw. And so why is it that we're supposed to be able to conclude that that wouldn't have made a difference when nobody's ever told us what its impact should be? So, Your Honor, I think that's why we have cases like Scheibe that alert claimants that you have to bring this evidence or at least some kind of challenge to the ALJ at the hearing. There's no rule against the Appeals Council. Please don't do that. So we're back to this. You should have done it earlier. I think we responded on that one that the Appeals Council specifically requests and allows that evidence to come in later. Now, I have a different question for you, but it's related to what we've been talking about. If we take the numbers that were produced in the letter and then the evidence produced relying on this Job Browser Pro of 2,896, 111, and 1,820 jobs, is the government's position that if those are the right numbers, that those are sufficient jobs in the national economy? Or if those are the right numbers, would the government say, well, actually, those aren't enough? Does the government have a position on that question? I am not aware of any case suggesting that that would be enough. Okay. But what I think is that, you know, the ALJ should be given the opportunity to take a look at that and to, you know, find out if those numbers are reliable. Does that mean your suggestion we should remand when you say the opportunity? No, Your Honor. No, Your Honor. I think you should affirm because the ALJ was entitled to rely on the 2011 Step 5 finding. But why didn't the ALJ have the possibility of being persuaded by the record evidence that's now in front of us? I mean, my problem here is the system, and it's not your responsibility, the system used by Social Security lets additional things into the record that we have to take into account that the ALJ never could take into account. That seems to me an odd way to run a railroad, but that's how it is. And so unless somebody explains to me why this additional evidence can be safely disregarded, I kind of feel hamstrung here, and the ALJ is stuck getting his paper graded based on stuff that he never saw. It's a weird system, but that's what we're facing. So I see my time is up, but if I could respond to this question. Please do. Under this court's precedent in Terry, in Ford, in Kilpatrick, we know that just because you submit some contrary vocational data does not mean that substantial evidence no longer supports the ALJ's decision. So the ALJ relied on a valid Step 5 finding from 2011 with ALJ Mergo's decision, and the mere fact that this evidence, you know, a different fact finder could reach a different conclusion on this evidence that they submitted does not mean that the ALJ's decision is unsupported by substantial evidence. Well, that's the confusion because, sure, if this evidence had come before the ALJ and the ALJ had said, I find that there's sufficient evidence, I'm relying on the BE, that would be the end of the matter. But they didn't say that. We've got the appeals court, the council, that could have said that, but we don't know whether they said it or not. They said it wasn't persuasive. We don't know why. I don't know. It's just confusing. Yes, and this court's recent Kilpatrick decision makes it clear that just because a claimant submits new vocational data doesn't even mean that any discussion is required. That evidence is not per se, you know, persuasive evidence or significant and probative evidence that even requires any discussion. Here you, I think, conceded that if these are the accurate numbers, that means that there are insufficient jobs in the national economy. And then the only way the appeals council could have come to its conclusion was that these are either not accurate numbers or that we just disregard Job Browser Pro. I mean, but they don't say that. They just say they're not persuasive. There's not necessarily any need to get into why those numbers are not persuasive because in Kilpatrick there's no discussion required. You don't need to discuss evidence that's not significant and probative, and this evidence suffers some of the same problems that the evidence in Kilpatrick suffered. But you just conceded that it's significant and probative if believed. If believed, there are not enough jobs in the national economy. Well, yes, Your Honor, and if believed, the evidence in Kilpatrick would have done the same thing. But you don't have to believe it. When it's got these indicia of unreliability like being proffered by a lay source rather than a vocational source, that undermines the idea that we should believe this data, that there are, in fact, that many jobs in the national economy. So because this evidence suffers the same problems, many of the same problems as the evidence in Kilpatrick, there's no discussion required because that does not rise to the level of significant probative evidence. Okay. And unless there are further questions, I thank you for your time. We thank you. We'll now hear from the claimant. Thank you, Your Honors. I know we're both well over time, so I'll try to keep this brief. Regarding Kilpatrick, the Court did not just say because this evidence was submitted by a lay person rather than an expert that it could be disregarded. Instead, the Court noted that it was submitted by a lay person using old data and using a disfavored method to interpret the data. That's three reasons, and it's not clear whether it took all three of those reasons to be enough to say that it's not significant and probative or whether any one of them would have been sufficient. Here, the only common point is that it was evidence submitted by a lay person. It was actually derived from a data source used commonly by vocational experts. And in this case — What evidence is there of that? Well, my concern was that there is no evidence in this record. That that source was reliable. Well, there's no evidence specifically to this record. We don't know what — But it's there, but it's the claimant's burden. So my problem is not that the evidence wouldn't be relevant, but that the source of the evidence, there is the plaintiff who has the burden put in no evidence that Job Pro or whatever it was called was not — was not — was reliable. I would note that in the First Circuit in Purdy v. Berryhill, that circuit court acknowledged that this program, Job Browser Pro, is in common use by vocational experts. Other circuits have done that, but it's not in this record. I mean, and it is a burden of proof, a fact, to show that it is reliable. That is my only real concern about your point. I would acknowledge that. And there is not evidence to say that this is reliable or it's not. But there's also no evidence to know what the prior vocational expert relied on in it. Right. But in absence of evidence, the plaintiff, the claimant loses, because it is clear it is the claimant's burden. But the claimant has submitted evidence, whatever indicia are reliable. So the evidence they just haven't put on any evidence that it is reliable in this record, that it is reliable or that it is used in any other source. But in any event, you have used your time in that. All right. Thank you. Thank you, Your Honors. We thank you. We thank both counsel for your helpful arguments in this complicated case. The case just argued is submitted.
judges: Ebel, FLETCHER, CLIFTON